UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No._____-CIV

02 - 80581

ROCCO L. GAGLIOTI,

       Plaintiff,

vs.

MAR-A-LAGO CLUB, INC., a New York
corporation; THE MAR-A-LAGO CLUB,
L.L.C., L.C. a New York limited liability
company; PALM BEACH MEDIA GROUP
INC., a Florida corporation; THE HAMILTON
CO., JEWELERS a New Jersey corporation; and
HAMILTON JEWELERS OF PALM BEACH.
LLC., a Florida limited liability company,

      Defendant(s).



CIV-ZLOCH

MAGISTRATE JUDGE
SELTZER

JUN 2 4 2002

## COMPLAINT

Plaintiff, Rocco L. Gaglioti, complains of the above named Defendants as follows:

### JURISDICTION AND VENUE

1.     This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. Section 101 et seq. This Court has exclusive jurisdiction of the action under 28 U.S.C. Sections 1331, and 1338(a), and under its and supplemental jurisdiction.

2.     Venue is proper in this district under 28 U.S.C. Sections 1391 and 1400(a).

### PARTIES

3.     Plaintiff, Rocco L. Gaglioti (hereinafter referred to as "Plaintiff"), at all times material is a resident of the State of Florida and is a citizen of the United States of America.

1



4.      Defendant, The Mar-A-Lago Club, Inc. (herinafter referred to as "Mar-A-Lago"), is a New York corporation with its principal place of business at 1100 South Ocean Boulevard, Palm Beach, Florida 33480.  Defendant Mar-A-Lago is qualified to do business and is doing business in Palm Beach County, Florida, where the actions, which are the subject of this complaint, took place and is additionally subject to the long arm jurisdiction of Florida, pursuant to Florida. Statutes, Section 48.193 with sufficient minimum contacts to invoke the jurisdiction of this Court.

5.      Defendant, THE MAR-A-LAGO CLUB L.L.C., L.C., is a New York limited liability company (hereinafter "Mar-A-Lago Club") with its principal place of business at 1100 South Ocean Boulevard, Palm Beach, Florida 33480.  Defendant Mar-A-Lago Club is qualified to do business and is doing business in Palm beach County, Florida, where the actions, which are the subject of this complaint, took place and is additionally subject to the long arm jurisdiction of Florida, pursuant to Florida, Statutes, Section 48.193 with sufficient minimum contacts to invoke the jurisdiction of this Court.

6.      Defendant, PALM BEACH MEDIA GROUP, INC. (hereinafter Palm Beach Media Group) is a Florida corporation with its principal place of business at 1000 North Dixie Highway, West Palm Beach, Palm Beach County, Florida 33401, where the actions which are the subject of this complaint took place.

7.      Defendant, THE HAMILTON CO., JEWELERS, (hereinafter Hamilton Jewelers) a New Jersey corporation, is qualified to do business and is doing business in Palm Beach County,

Florida, where the actions, which are the subject of this complaint, took place and is additionally

subject to the long arm jurisdiction of Florida, pursuant to Florida, Statutes, Section 48.193 with

sufficient minimum contacts to invoke the jurisdiction of this Court.

8.      Defendant, HAMILTON JEWELERS OF PALM BEACH, LLC., (hereinafter Hamilton

LLC) is a Florida limited liability company, doing business in Palm Beach County, Florida,

where the actions, which are the subject of this complaint. took place.

## COMMON ALLEGATIONS AGAINST ALL DEFENDANTS

9.      On or about May 15, 2001, Plaintiff created, and owned the copyright in an

original collection of photographs, which title is "Rocco 1-8 (2002)," in Palm Beach, Florida.

Plaintiff has complied with the registration requirements of the Copyright Act of 1976, U.S.C.

Section101 et seq., as amended, with respect to the aforementioned photographs, and all other

laws governing copyright, securing the exclusive rights and privileges in and to the copyright of

said collection of photographs, obtaining Registration Number VAu 523-987, effective February

28, 2002, within three months of first publication. (attached as Exhibit "A")

10.     Defendant(s) infringed the copyright of the plaintiff in "Rocco 1-8 (2002)" causing the

publication of the collection of photographs which appeared in "The Jewel of Palm Beach - The

Mar-A-Lago Club 2002- Volume VII" (herinafter "the magazine") in December 2002, deriving

profit for itself, depriving the plaintiff from his profit, without his permission, and thereby

damaged the plaintiff. The infringing conduct may be continuing unknown to Plaintiff and is

causing irreparable harm.(A copy of the collection of photographs as published is attached as

Exhibit "B." A copy of the Infringed Work is attached as Exhibit "C.")

11.     Pursuant to 17 U.S.C. Section 504, Plaintiff is entitled to actual damages and the

additional profits of Defendant (or statutory damages if elected) and damages as otherwise

provided in that Section including attorney fees and court costs.

## I.  CLAIM AGAINST DEFENDANT MAR-A-LAGO CLUB, INC.
## COPYRIGHT INFRINGEMENT

12.     Plaintiff incorporates and realleges Paragraphs 1 through 4 and 9 through 11 above as if

fully stated herein.

13.     Defendant, Mar-A-Lago's infringement of Plaintiff's copyright was willful.

14.     Defendant's infringing acts include publication in the  magazine.

        WHEREFORE Plaintiff demands judgment against the Defendant, Mar-A-Lago, as

follows:

A.      That the Court find that Defendant, Mar-A-Lago, has infringed Plaintiff's copyright in the

collection  photographs "Rocco 1-8 (2002)" and that the infringement was willful.

B.      That the Defendant, Mar-A-Lago, be required to pay Plaintiff such damages as Plaintiff

has sustained as a result of Defendant, Mar-A-Lago's infringement of said copyright and all gains

and profits, of the Defendant, Mar-A-Lago, and in addition, costs and lost profits of Plaintiff in

the amount of $500,000.00 plus attorney fees and court costs.

C.      That defendant be enjoined during the pendency of this action and permanently from

 infringing said copyright of said plaintiff in any manner, and from publishing, selling, marketing

or otherwise disposing of any copies of the photographs in the collection "Rocco 1-8 (2002)."

4

## II. CLAIM AGAINST DEFENDANT MAR-A-LAGO CLUB L.L.C., L.C. COPYRIGHT INFRINGEMENT

14.     Plaintiff incorporates and realleges Paragraphs 1 through 3, 5 and 9 through 11 above as if fully set forth herein.

15.     Defendant, Mar-A-Lago Club's infringement of Plaintiff's copyright was willful.

16.     Defendant's infringing acts include publication in the magazine.

WHEREFORE Plaintiff demands judgment against Defendant, Mar-A-Lago Club, as follows:

A.     That the Court find that Defendant, Mar-A-Lago Club, has infringed Plaintiff's copyright in "Rocco 1-8 (2002)" and that the infringement was willful.

B.     That the Defendant, Mar-A-Lago Club, be required to pay to Plaintiff such damages as Plaintiff has sustained as a result of Defendant's infringement of said copyright and all gains and profits, of the Defendant and in addition, costs and lost profits of Plaintiff in the amount of $500,000.00 plus attorney fees and court costs.

C.     That Defendant, Mar-A-Lago Club, be enjoined during the pendency of this action and permanently from infringing said copyright of said plaintiff in any manner, and from publishing, selling, marketing or otherwise disposing of any copies of "Rocco 1 -8 (2002)."

## III. CLAIM AGAINST DEFENDANT THE HAMILTON CO., JEWELERS COPYRIGHT INFRINGEMENT

14.     Plaintiff incorporates and realleges Paragraphs 1 through 3, 7 and 9 through 11 above as if fully set forth herein.

5

15.    Defendant, Hamilton Jeweler's infringement of Plaintiff's copyright was willful.

16.    Defendant's infringing acts include publication in the magazine.

WHEREFORE Plaintiff demands judgment against Defendant, Hamilton Jewelers, as follows:

A.    That the Court find that Defendant has infringed Plaintiff's copyright in "Rocco 1-8 (2002)" and that the infringement was willful.

B.    That the Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained as a result of Defendant's infringement of said copyright and all gains and profits, of the Defendant and in addition, costs and lost profits of Plaintiff in the amount of $500,000.00 plus attorney fees and court costs.

C.    That Defendant be enjoined during the pendency of this action and permanently from infringing said copyright of said plaintiff in any manner, and from publishing, selling, marketing or otherwise disposing of any copies of "Rocco 1 -8 (2002)."

## IV. CLAIM AGAINST DEFENDANT HAMILTON JEWELERS, LLC COPYRIGHT INFRINGEMENT

14.    Plaintiff incorporates and realleges Paragraphs 1 through 3, 6 and 9 through 11 above as if fully set forth herein.

15.    Defendant. Hamilton LLC's infringement of Plaintiff's copyright was willful.

16.    Defendant's infringing acts include publication in the magazine.

WHEREFORE Plaintiff demands judgment against Defendant Hamilton Jewelers as follows:

6

A.      That the Court find that Defendant has infringed Plaintiff's copyright in "Rocco 1-8 (2002)" and that the infringement was willful.

B.      That the Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained as a result of Defendant's infringement of said copyright and all gains and profits, of the Defendant and in addition, costs and lost profits of Plaintiff in the amount of $500,000.00 plus attorney fees and court costs.

C.      That Defendant be enjoined during the pendency of this action and permanently from infringing said copyright of said plaintiff in any manner, and from publishing, selling, marketing or otherwise disposing of any copies of "Rocco 1 -8 (2002)."

## V. CLAIM AGAINST DEFENDANT PALM BEACH MEDIA GROUP INC.
## COPYRIGHT INFRINGEMENT

17.     Plaintiff incorporates and realleges Paragraphs 1 through 3, 6 and 9 through 11 above as if fully set forth herein.

18.     Defendant, Palm Beach Media Group's infringement of Plaintiff's copyright was willful.

19.     Defendant's infringing acts include publication in the magazine.

        WHEREFORE Plaintiff demands judgment against Defendant Palm Beach Media Group as follows:

A.      That the Court find that Defendant has infringed Plaintiff's copyright in "Rocco 1-8 (2002)" and that the infringement was willful.

B.      That the Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained

as a result of Defendant's infringement of said copyright and all gains and profits, of the

Defendant and in addition, costs and lost profits of Plaintiff in the amount of $500,000.00 plus

attorney fees and court costs.

C.      That Defendant be enjoined during the pendency of this action and permanently

from infringing said copyright of said plaintiff in any manner, and from publishing, selling,

marketing or otherwise disposing of any copies of "Rocco 1 -8 (2002)."

## VI.  JOINT CLAIM AGAINST MAR-A-LAGO, CLUB, INC.; THE MAR-A-LAGO CLUB, L.L.C., L.C.; THE HAMILTON CO., JEWELERS ; HAMILTON JEWELERS OF PALM BEACH, LLC and PALM BEACH MEDIA GROUP INC.

17.     Plaintiff incorporates and realleges Paragraphs 1 through 1 as if fully set forth herein.

18.     Defendants, Mar-A-Lago, Mar-A-Lago Club, Hamilton Jewelers, Hamilton LLC and

Palm Beach Media Group operated as co-infringers, in a joint enterprise, infringing the Plaintiff's

copyright and are jointly and severally liable for Plaintiff's damages.

WHEREFORE Plaintiff demands judgment against Defendants jointly and severally as

follows:

A.      That Defendants operated as co-infringers, in a join enterprise, and therefore are jointly

and severally liable for damages resulting from infringement.

B.      That the Court find that Defendants have infringed Plaintiff's copyright in the photograph

"Rocco 1-8 (2002)" and that the infringement was willful.

8

C       That the Defendants be required to pay to Plaintiff such damages as Plaintiff has

sustained as a result of Defendants infringement of said copyright and all gains and profits, of the

Defendants, and in addition, costs and lost profits of Plaintiff in the amount of $2,500,000.00

D.      That Defendants be enjoined during the pendency of this action and permanently from

infringing said copyright of said plaintiff in any manner, and from publishing, selling, marketing

or otherwise disposing of any copies of the photograph "Rocco 1-8(2002)."

THOMAS E. SHAFOVALOFF
Attorney for Plaintiff
2185 North Park Avenue, Suite 6
Winter Park, Florida 32789-2364
Telephone: (407) 629-9498
FAX: (407)629-9318
E-mail: LawyerAccess1@aol.com (Req Tel Notice)
Florida Bar No.: 0501761

Thomas E. Shafovaloff

## **Demand for Jury Trial**

Plaintiff demands trial by jury on all claims.

Dated: June 23, 2001

THOMAS E. SHAFOVALOFF
Attorney for Plaintiff
2185 North Park Avenue, Suite 6
Winter Park, Florida 32789-2364
Telephone: (407) 629-9498
FAX: (407)629-9318
E-mail: LawyerAccess1@aol.com (Req Tel Notice)
Florida Bar No.: 0501761

Thomas E. Shafovaloff

# CERTIFICATE OF REGISTRATION



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code attests that registration has been made for the work identified below. The information in this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

# SHORT FORM VA
**For a Work of the Visual Arts**
UNITED STATES COPYRIGHT OFFICE 

Registration Number

**VAu 523-987**

Effective Date of Registration

2-28-02

Application Received
FEB 28 2002

Deposit Received
One FEB 28 2002    Two

Fee Received

Examined By

Correspondence

**TYPE OR PRINT IN BLACK INK. DO NOT WRITE ABOVE THIS LINE.**

**1** Title of This Work:
Rocco 1-8 (2002)

Alternative title or title of larger work in which this work was published:

**2** Name and Address of Author and Owner of the Copyright:
Rocco Leo Gaglioti
601 Stamford Drive
Altamonte Springs, Florida 32714
United States of America

Nationality or domicile. Phone, fax, and email
Phone (407) 629-9498    Fax (407) 629-9318
Email ThomasShaf@aol.com

**3** Year of Creation:
2001

**4** If work has been published, Date and Nation of Publication:
a. Date    Month    Day    Year    *(Month, day, and year all required)*
b. Nation

**5** Type of Authorship in This Work:
Check all that this author created
- ☐ 3-Dimensional sculpture
- ☐ 2-Dimensional artwork
- ☐ Technical drawing
- ☑ Photograph
- ☐ Jewelry design
- ☐ Map
- ☐ Text

**6** Signature:
Registration cannot be completed without a signature.
*I certify that the statements made by me in this application are correct to the best of my knowledge.* Check one:
☐ Author   ☑ Authorized agent
X *Thomas E. Shafovaloff*

**7** Name and Address of Person to Contact for Rights and Permissions:
Phone, fax, and email:
☑ Check here if same as #2 above.
Phone (   )    Fax (   )
Email

PLAINTIFF'S
EXHIBIT
"A"

**8** Certificate will be mailed in window envelope to this address:
Name ▼
Thomas E. Shafovaloff, Esq.
Number/Street/Apt ▼
P.O. Box 2579
City/State/ZIP ▼
Winter Park, FL 32790-2579

Complete this space only if you currently hold a Deposit Account in the Copyright Office.

**9** Deposit Account #
Name

DO NOT WRITE HERE
Page 1 of 2 pages

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

June 1999—100,000

☆U.S. GOVERNMENT PRINTING OFFICE 1999-454-879/54

♻ PRINTED ON RECYCLED PAPER



Bloomberg No. 5113

PLAINTIFF'S
EXHIBIT
"B"

Rocco 1 (2002)



*Jersey top, beaded
wrap-around skirt with
fringe and shoes, by
Sportmax, from MaxMara.
Platinum diamond necklace
and diamond ring, from
Hamilton Jewelers.*

Bazaa 2 (2002)



and-silver-embroidered
detail by St. John.
Shoes by Giuseppe
Zanotti Design,
from Neiman Marcus.
18-karat white-gold,
diamond, and white
South Sea pearl
earrings, from
Hamilton Jewelers.

Crepe dress with crepe
t-shirt, by Chanel.
Sandals by Escada.
18-karat white gold,
sapphire and diamond
bracelet, earrings and ring,
from Hamilton Jewelers.
Opposite page, Tier dress
by Carmen Marc Valvo, from
Neiman Marcus. Black pearl
necklace and earrings from
Hamilton Jewelers.



Rocco 5 (2002)





*Silk-print dress with flower appliques, by Emanuel Ungaro. 18-karat white gold, diamond and black onyx earrings, from Hamilton Jewelers.*





*Single-shouldered lace dress with tan slip, by Monique Lhuillier, from Neiman Marcus.*

Case 9:02-cv-80581-WJZ   Document 1   Entered on FLSD Docket 06/26/2002   Page 19 of 30

# THE MAR-A-LAGO CLUB 2002

# THE JEWEL

## of Palm Beach

Cover

Dazzling designs
for the
cocktail hour.

Photography by Rocco Leo Gaglioti

# J wel
# T nes



PLAINTIFF'S
EXHIBIT
" C "



*Embroidered sleeveless top with silk pants, and sandals by Escada. Emerald earrings and ruby bracelet, from Hamilton Jewelers.*



*Jersey top, beaded
wrap-around skirt with
fringe, and shoes, by
Sportmax, from MaxMara.
Platinum diamond necklace
and diamond ring, from
Hamilton Jewelers.*



Crepe dress with crepe
T-shirt, by Chanel.
Sandals by Escada.
18-karat white gold,
sapphire and diamond
bracelet, earrings and ring,
from Hamilton Jewelers.
Opposite page: Tier dress
by Carmen Marc Valvo, from
Neiman Marcus. Black pearl
necklace and earrings from
Hamilton Jewelers.



*Silk print
wrap-around skirt
and halter top with
flower appliques,
by Emanuel Ungaro.
18-karat white gold
pave set, sapphire
and diamond
bracelets, and
diamond pave ring,
from Hamilton
Jewelers*





Single-shouldered lace
dress with satin slip, by
Monique Lhuillier, from
Neiman Marcus.

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ROCCO L. GAGLIOTI

**DEFENDANTS** MAR-A-LAGO CLUB,INC.,a New York corporation; THE MAR-A-LAGO CLUB, L.L.C.,LC, a New York limited liability company;PALM BEACH MEDIA GROUP INC.a Florida corporation THE HAMILTON CO. JEWELERS, a New Jersey corp HAMILTON JEWELERS OF PALM BEACH LLC,a Fla LLC

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF

(EXCEPT IN U.S. PLAINTIFF CASES)

C). 80.51-CV-21/SCH/Se/vald

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   New York

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

02-80581-CIV

MAGISTRATE JUDGE
SELTZER

**(c)** ATTORNEYS (FIRM NAME ADDRESS AND TELEPHONE NUMBER)

Thomas E. Shafovaloff, Esq.(407)629-9498
2185 N. Park Ave., Suite 6
Winter Park, Florida 32789
Florida Bar No.: 0501761

ATTORNEYS (IF KNOWN)

NOT KNOWN

***COUNTY WHERE ACTION AROSE:*** ***
PALM BEACH COUNTY

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

*PERSONAL INJURY*
- ☐ 362 Personal Injury Med Malpractice
- ☐ 365 Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
*HABEAS CORPUS:*
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☒ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

CLAIM FOR COPYRIGHT INFRINGEMENT
Copyright Act of 1976, 17 U.S.C. 101 et seq.

Length of Trial: 10 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $
$5,000,000.00

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE   Not Applicable   DOCKET NUMBER

DATE
June 23, 2002

SIGNATURE OF ATTORNEY OF RECORD
Thomas E. Shafovaloff

Fla. Bar No.: 0501761

**FOR OFFICE USE ONLY**

RECEIPT # 716520   AMOUNT 150.00   APPLYING IFP   JUDGE Zloch   MAG. JUDGE Seltzer